IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| CANDY N. WEBB, | ) |
|       Plaintiff, | ) |
| | ) Case No. 18-CV-01-SPS |
| vs. | ) U.S. Magistrate Judge Steven P. Shreder |
| | ) |
| DON MURRAY, individually; SELINA JAYNE-DORNAN, | ) |
| | ) |
|       Defendants. | ) |

## DEFENDANTS' MOTION FOR ATTORNEY'S FEES AND BRIEF IN SUPPORT

Defendants, Don Murray and Selina Jayne-Dornan, and pursuant to Rule 54(d)(2) of the Federal Rules of Civil Procedure and Rule 54.2 of the Local Rules of the United States District Court for the Eastern District of Oklahoma, submit their Motion for Attorney's Fees and Brief in Support.

## Procedural Background

The above-captioned case was filed in the Oklahoma District Court in McIntosh County on June 26, 2017.[1] Of relevance to this Motion is Plaintiff's section 1983 gender discrimination cause of action as to Defendant Murray. On January 3, 2018, Defendants removed the case to

---

[1] Plaintiff previously filed an action against the Defendants on August 27, 2015 in the case styled as *Candy N. Webb v. City of Eufaula, et al.*, McIntosh County Case No. CJ-15-93 ("**Previous Action**"). In this previous action, there was no §1983 cause of action alleged. On January 19, 2016, the City filed a Motion to Dismiss the original Petition in the Previous Action, and on February 25, 2016, Judge Jim D. Bland issued an Order granting the Plaintiff twenty (20) days within which to file an Amended Petition. On March 17, 2016, the Plaintiff filed her First Amended Petition in the Previous Action but still did not plead a §1983 cause of action. On March 30, 2016, the City filed its second Motion to Dismiss Plaintiff's First Amended Petition in the Previous Action, which was set for hearing on June 9, 2016 at 9:00 a.m. Plaintiff voluntarily dismissed the Previous Action by filing a Dismissal without Prejudice on June 27, 2016.

this Court. Defendants filed a Motion to Dismiss Plaintiff's Petition with this Court on January 10, 2018. *See* Defendants' Motion to Dismiss Plaintiff's Petition (Doc. No. 4).

The Court issued its Opinion and Order on July 6, 2018 (Doc. No. 17), granting Defendant's Motion to Dismiss, stating "Plaintiff's claim under Section 1983 is subject to dismissal pursuant to Fed. R. Civ. P. 12(b)(6) for lack of any allegations as to gender discrimination," and giving the Plaintiff leave to file an Amended Complaint within fourteen (14) days. *See* Opinion and Order (Doc. No. 17).

Plaintiff filed her First Amended Complaint on July 20, 2018. *See* Doc. No. 18. On August 6, 2018, Defendants' filed their Motion to Dismiss Plaintiff's First Amended Complaint. *See* Doc. No. 19. In its Opinion and Order filed on September 28, 2018 (Doc. No. 28), this Court dismissed Plaintiff's breach of contract claim against the City of Eufaula and Plaintiff's intentional infliction of emotional distress claim against Jayne-Dornan and Murray. *See* Opinion and Order (Doc. No. 28).

On October 8, 2018, Defendants filed their Motion for Summary Judgment. *See* Doc. No. 30. In its Opinion and Order filed on November 8, 2018, (Doc. No. 48), this Court granted Defendants' Motion for Summary Judgment as to the §1983 cause of action and remanded the malicious interference with contractual relationship to the Oklahoma District Court in McIntosh County. *See* Opinion and Order (Doc. No. 48).

**Argument and Authorities**

Defendants file this Motion for Attorney's Fees pursuant to 42 U.S.C. §§ 1983 and 1988. The Supreme Court has held that the "court has discretion to allow the prevailing party … reasonable attorney's fees in a civil rights lawsuit filed under 42 U.S.C. § 1983. 42 U.S.C § 1988." *James v. City of Boise, Idaho*, 136 S. Ct. 685, 686, 193 L. Ed. 2d 694 (2016).

42 U.S.C. § 1988 states in relevant part as follows:

> In any action or proceeding to enforce a provision of sections 1981, 1981a, 1982, **_1983_**, 1985, and 1986 of this title, title IX of Public Law 92-318, the Religious Freedom Restoration Act of 1993, the Religious Land Use and Institutionalized Persons Act of 2000, title VI of the Civil Rights Act of 1964, or section 12361 of Title 34, ***the court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee as part of the costs***…

*See* 42 U.S.C. § 1988 (West) (emphasis added).

The *James* case sets the standard for a defendant to recover attorney's fees under section 1988. To recover prevailing party attorney's fees on a § 1983 claim, the defendant must show that "the plaintiff's action was frivolous, unreasonable, or without foundation." *Id.* at 686.

### I. Defendant Murray is the "prevailing party" as to Plaintiffs' Section 1983 claim.

Defendant Murray is clearly a "prevailing party." On November 8, 2018, Defendant Murray's Motion for Summary Judgment was granted by this Court in its Opinion and Order stating, "Defendant Murray is entitled to summary judgment on the Plaintiff's claim for such discrimination under Section 1983." *See* Opinion and Order, (Doc. No. 48). The Court discussed the Plaintiff's claim as follows:

> The Defendant Murray contends that the Plaintiff has failed to establish her prima facie case because she has no evidence to support her allegations. Specifically, Defendant Murray notes that the Plaintiff testified in her deposition that Defendant Murray told her she had to take the physical agility test or she would be "finished," she could not identify male employees who failed the agility test but were allowed to continue working as police officers, and she further testified that neither of the Defendants in this case said anything to her about her worker's compensation claim. Furthermore, they assert she has provided no evidence she was terminated for a reason related to her gender, and that she was not qualified for a position as a City of Eufaula police officer because she had not met the requirements of CLEET certification within six months of being hired. The Court notes that obtaining CLEET training and passing a physical agility test is an Oklahoma statutory requirement. *See* Okla. Stat. tit. 70, § 3311(E)(4) ("Every person who has not been certified as a police or peace officer and is duly appointed or elected as a police or peace officer shall hold such position on a temporary basis only, and shall, within six

> (6) months from the date of appointment or taking office, qualify as required in this subsection or forfeit such position."). *See also* Okla. Stat. tit. 70, § 3311.11(B) ("[A]ny person or peace officer who desires to attend the basic law enforcement academy conducted by CLEET shall, prior to admission, be required to provide proof of a score of a minimum of seventy percent (70%) on a physical agility test approved by CLEET to assure the applicant is in sufficient physical condition to avoid unnecessary injury during the basic law enforcement academy training.").
>
> The Plaintiff, on the other hand, contends that she has established a prima facie case of discrimination, but the Court is not persuaded there is evidence to support the claim that the Plaintiff was terminated under circumstances suggesting gender discrimination. The Plaintiff refers to a shooting incident in which she was involved in while on duty that she claims caused her PTSD, and disputes the unbecoming conduct allegation by asserting that she elsewhere at the time. She also asserts that Captain Charles Hammett told her on June 11, 2014, that she was to return to light duty and did not have to take the physical agility exam the following day. Assuming *arguendo* that these contentions are true, they do not appear to be gender-based. Furthermore, the Plaintiff's unsubstantiated statements that she is unaware of any other employees being treated as she was is insufficient as evidence of gender discrimination; the Plaintiff does not point to a single person male or female who was treated differently than she was. *See McCrorey v. McHugh*, 2014 WL 12787987, at *9 (D. N.M. Sept. 23, 2014) ("Plaintiff cites portions of his own testimony in an attempt to show he was given less favorable treatment. . . . The material cited by Plaintiff is vague and general, amounting to little more than the personal opinions of Plaintiff[.]").
>
> In summary, although the Plaintiff has established the first two elements of a prima facie case, she has wholly failed to establish the most important element of the *McDonnell Douglas* test: that she was terminated under circumstances that give rise to an inference of gender discrimination. Accordingly, Defendant Murray is entitled to summary judgment on the Plaintiff's claim for such discrimination under Section 1983.

*See* Doc. No. 48, at 8-10.  Accordingly, Defendant Murray prevailed on this cause of action in the Motion for Summary Judgment, making him a prevailing party.

### II. Plaintiff's Section 1938 cause of action was frivolous, unreasonable or without foundation.

The *James* case states that for Defendant to recover attorney's fees, Defendant must establish that Plaintiff's section 1938 cause of action was frivolous, unreasonable or without foundation. *Id.* In *Christiansburg Garment Co. v. Equal Employment Opportunity Comm'n*, 434

U.S. 412, 421, 98 S. Ct. 694, 700, 54 L. Ed. 2d 648 (1978), the court held that a prevailing defendant may recover attorney's fees when it establishes that the "plaintiff's action was frivolous, unreasonable, or without foundation, even though not brought in subjective bad faith." *Id.* at 421.

Further, in *Twilley v. Integris Baptist Med. Ctr., Inc.*, 16 F. App'x 923, 926 (10th Cir. 2001), the court stated: "[t]he standard in *Christiansburg Garment* is met when a party utterly fails to produce *any* evidence in support of material issues necessary to withstand summary judgment. *Head v. Medford,* 62 F.3d 351, 355 (11th Cir.1995); *Smith v. Smythe-Cramer Co.,* 754 F.2d 180, 183 (6th Cir.1985)." *Id*. at 926.  Thus, for purposes of granting attorney's fees under section 1988, frivolity includes cases where summary judgment is decided in favor of the defendant.[2]

---

[2] *See, e.g., Lucas v. Aetna Cas. & Sur. Co.*, 552 F.Supp. 824 (D. Colo. 1982) (Employer awarded attorney's fees of $20,54625 for having to defend harassing and groundless suit brought by employees); *Haynes v. City and County of San Francisco*, 688 F.3d 984 (9th Cir. 2012) (Police chief awarded attorney's fees in suit that accused him of drafting a misleading report to cover-up shooting incident); *Larson v. Wind*, 548 F.Supp. 479 (N.D.Ill. 1982) (After a woman's federal civil rights claims against police officers were determined to be frivolous, the city employing the officers asked the court to award it $362,545.61 in attorneys' fees and costs as a sanction under 28 U.S.C. § 1927 against the plaintiff's attorney. The attorney continued to pursue his client's claims after it was clear that they were frivolous. A federal appeals court ruled that the trial court could take into consideration the attorney's claim that he had no assets and had only earned approximately $20,000 annually in the past three years, and, if true, reduce the amount of any sanction based on his inability to pay); *Fox v. Vice*, 563 U.S. 826, 131 S.Ct. 2205, 180 L.Ed.2d 45 (2011) (Even though a candidate for chief of police won his election, he sued his opponent for violation of his federal civil rights, as well as claims under state law, for allegedly interfering with his right to seek public office. A federal court dismissed the federal claims as frivolous, and sent the other claims to state court. The U.S. Supreme Court held that reasonable attorneys' fees could be awarded to the defendant under 42 U.S.C. Sec. 1988, but only for costs that the defendant would not have incurred "but for the frivolous claims."); *Swiney v. State of Texas*, No. SA-06-CA-0941, 2008 WL 2713756 (W.D. Tex. July 3, 2008) (A plaintiff's $250 million lawsuit concerning the ownership of several pieces of personal property seized by a police department, asserting claims for theft, violation of civil rights, and violations of the Americans with Disabilities Act was frivolous and groundless. Since the plaintiff failed to present a viable case for any of his claims, the defendant was entitled to an award of $6,591 in attorneys' fees.);

This Court granted Defendant's Motion for Summary Judgment on the Section 1983 cause of action due to Plaintiff's failure to provide evidence to support her gender discrimination claim. Plaintiff failed to establish a prima facie case. *See* Opinion and Order, (Doc. No. 48, pages 9-10). Per the *Twilley* case, failing to produce evidence supporting the material issues of the gender discrimination claim and a summary judgment being granted on the same, meets the standard of the case being frivolous, unreasonable or without foundation.

Also instructive is *Hughes v. Regents of University of Colorado*, 967 F. Supp. 431 (D. Colo. 1996), which involved a Title VII claim for sex discrimination. In *Hughes*, Plaintiff Reeverts filed a Title VII employment discrimination and sex discrimination suit. Plaintiff Reeverts' job position was eliminated during university budget-reduction process. As a result, in accordance with the state personnel system, plaintiff was "bumped" to a different position where her responsibilities were significantly reduced. Defendant, Regents of University of Colorado, filed a Motion for Summary Judgment on the sex discrimination claim. The court granted Defendant's Motion for Summary Judgment, stating:

> Ms. Reeverts produced no evidence that she was treated differently than anyone else in her position during defendant's budget-reduction process. At the summary judgment state, the record was completely devoid of any evidence of sex discrimination against Ms. Reeverts. . . .

*Id.* at 440. The Court in *Hughes* found that Defendant was entitled to attorney's fees pursuant to both title VII and the law established in *Christianburg*, as Plaintiff's "claim of sex

---

*Evans v. Monroe County Sheriff's Department*, No. 05-10077, 148 Fed. Appx. 902 (11th Cir. 2005) (Sheriff and sheriff's department were entitled to an award of attorneys' fees under 42 U.S.C. Sec. 1988 when an arrestee's lawsuit for harassment, malicious prosecution, abuse of process, and intentional infliction of emotional distress in connection with the issuance of an arrest warrant was voluntarily dismissed. The court found that the lawsuit brought had been frivolous when the arrest never took place, the sheriff's department, named as a defendant, was not a legal entity which could be sued, and there was no showing that there was any alleged violation of constitutional rights related to official county policies or practices).

discrimination…was determined to be wholly without foundation on a motion for summary judgment." *Id*. The Court found that Plaintiff had no evidence to support all elements of her cause of action.

Likewise, in the present case, the Court granted Defendant's Motion for Summary Judgment on the basis that there was no evidence of all elements of the gender discrimination claim. Specifically, the court found that the facts asserted by Plaintiff were not "gender based" and that Plaintiff was unable to "point to a single person male or female who is treated differently than she was." *See* Doc. No. 48. Attorney's fees should be awarded to Defendant Murray as Plaintiff's claim was found to be "wholly without foundation on a motion for summary judgment." *Hughes,* 967 F.Supp. at 440..

### III. Calculation of Attorney's Fees

The United States Supreme Court has held that the lodestar method is the preferred method to use in calculating and awarding attorney's fees under section 1988. *See Perdue v. Kenny A.*, 559 U.S. 542, 130 S. Ct. 1662, 1672 (2010). The lodestar "amount is the product of the reasonable hours worked on the case multiplied by a reasonable hourly rate." *See Bell v. Bd. Of Cnty. Comm'rs of Jefferson Cnty*, 451 F.3d 1097, 1101 (10th Cir. 2006). The lodestar approach is generally based on "the prevailing market rates in the relevant community." *Perdue* at 1672. Defendant Murray has attached an Affidavit supporting his Motion for Attorney's Fees. *See* Affidavit of Amy E. Hampton, attached as **Exhibit 1**. The Affidavit reflects fees related to the defense of this lawsuit which represents a reasonable market rate for the community and reasonable hours for the work performed on this case by defense counsel.

WHEREFORE, Defendants, Don Murray and Selina Jayne-Dornan respectfully request that the Court enter an Order granting attorney fees to Don Murray in the amount of $41,394.50 as prevailing party on Plaintiff's claim for Section 1983 gender discrimination.

Respectfully Submitted,

**WILBURN, MASTERSON & HAMPTON**

By *s/Amy E. Hampton*
   **MICHAEL J. MASTERSON, OBA# 5769**
   **AMY E. HAMPTON, OBA #20235**
   2421 E. Skelly Dr.
   Tulsa, OK  74105-6006
   (918) 494-0414
   FAX: (918) 493-3455
   E-Mail:mike.masterson@wilburnmasterson.com
        amy.hampton@wilburnmasterson.com
   Attorney for Defendants

**CERTIFICATE OF SERVICE**

I, Amy E. Hampton, hereby certify that on this 26th day of November, 2018, I electronically transmitted the foregoing document to the Clerk of the Court using the ECF System for filing and transmittal of a Notice of Electronic Filing to all ECF registrants who have appeared in the case:

Brendan M. McHugh
P.O. Box 1392
Claremore, OK 74018-1392
*Attorney for Candy N. Webb*

Dana Jim
PO Box 1011
Vinita, OK 74301
*Attorney for Candy N. Webb*

      *s/ Amy E. Hampton*
      **AMY E. HAMPTON**