# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| CANDY N. WEBB, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. CIV-18-01-SPS |
| ) | |
| DON MURRAY, and SELINA ) | |
| JAYNE-DORNAN. ) | |
| ) | |
| Defendants. ) | |

## OPINION AND ORDER

This matter comes before the Court on motion by Defendants Don Murray, and Selina Jayne-Dornan (collectively, "Defendants") for an award of attorney's fees pursuant to Fed. R. Civ. P. 54(d)(2) and Loc. Civ. R. 54.2. For the reasons set forth below, the Court finds that the Defendant's Motion for Attorney's Fees and Brief in Support [Docket No. 50] should be **DENIED.**

## BACKGROUND

The Plaintiff filed this case in state court in McIntosh County, Case No. CJ-17-46, on June 26, 2017, as to the above-named Defendants, as well as the City of Eufaula. The Defendants then removed the case to this Court on January 3, 2018. Plaintiff's state court Petition set out three state law claims – malicious interference with a contractual relationship, as to Defendants Murray and Jayne-Dornan; intentional infliction of emotional distress, as to Defendants Murray and Jayne-Dornan; and breach of contract, as to the City of Eufaula – as well as a federal claim of gender discrimination under 42 U.S.C.

§1983, as to Defendant Murray. The Defendants moved to dismiss the Petition, *see* Docket No. 4, and this Court granted the motion and dismissed for lack of subject matter jurisdiction but granted Plaintiff fourteen days to file an amended complaint. *See* Docket No. 17. The Plaintiff timely filed her First Amended Complaint on August 8, 2018, raising the same four claims, and Defendants again moved for dismissal. *See* Docket Nos. 18-19. This Court then dismissed two of Plaintiff's state law claims, leaving Plaintiff with her claim of malicious interference with a contractual relationship as to both Defendants, as well as her claim of gender discrimination pursuant to 42 U.S.C. § 1983, as to Defendant Murray. *See* Docket No. 28. Defendants Murray and Jayne-Dornan then moved for summary judgment, and this Court granted summary judgment as to the Plaintiff's claim for gender discrimination pursuant to 42 U.S.C. § 1983, and remanded the state law claim to Oklahoma state court. *See* Docket Nos. 30, 40, 44, 48.

Defendant Murray has now filed the present motion for attorney's fees under Fed. R. Civ. P. 54(d)(2). *See* Docket No. 50. The parties subsequently filed a joint stipulation agreeing that fees incurred by Defendant Murray as to the §1983 claim total $19,752.39. *See* Docket No. 56.

## ANALYSIS

Defendant Murray contends that, as a prevailing party, he is entitled to attorney's fees because the Plaintiff's § 1983 claim was "frivolous, unreasonable, or without foundation." He asserts that the Plaintiff failed to produce evidence supporting her claims of gender discrimination at the summary judgment stage, particularly noting her failure to assert any gender-based facts or point to any other person treated differently than she was,

and contends that this meets the standard of being frivolous, unreasonable, or without foundation. Plaintiff contends that the Defendant has not met the high standard for an award of fees to a prevailing party based on a § 1983 claim.

Although parties in U.S. courts typically pay their own attorney's fees, Congress has provided for an award of reasonable attorney's fees to prevailing parties in civil rights litigation. *See Hensley v. Eckerhart*, 461 U.S. 424, 429 (1983). *See also Christiansburg Garment Co. v. Equal Employment Opportunity Commission*, 434 U.S. 412, 421, 422 (1978) ("[A] district court may in its discretion award attorney's fees to a prevailing defendant in a Title VII case upon a finding that the plaintiff's action was frivolous, unreasonable, or without foundation, even though not brought in subjective bad faith."). The Supreme Court has stated, however, that the Court must find the Plaintiff's "claim was frivolous, unreasonable, or groundless, or that the plaintiff continued to litigate after it clearly became so." *Christiansburg*, 434 U.S. at 422. *See also Mitchell v. City of Moore, Oklahoma*, 218 F.3d 1190, 1203 (10th Cir. 2000) ("[A] prevailing defendant in a civil rights action may recover attorney fees only "if the suit 'was vexatious, frivolous, or brought to harass or embarrass the defendant.'"), *quoting Utah Women's Clinic, Inc. v. Leavitt,* 136 F.3d 707, 709 (10th Cir. 1998) (per curiam), *quoting Hensley,* 461 U.S. at 429 n. 2.

"This is a difficult standard to meet, to the point that rarely will a case be sufficiently frivolous to justify imposing attorney fees on the plaintiff." *Mitchell*, 218 F.3d at 1203. "A complaint is frivolous where it lacks an arguable basis either in law or in fact." *Blakely v. USAA Cas. Ins. Co.*, 633 F.3d 944, 949-950 (10th Cir. 2011) (alterations and internal

quotation marks omitted). However, "[d]ismissal of claims at the motion to dismiss or summary judgment stage does not automatically warrant a fee award." *McGregor v. Shane's Bail Bonds*, 2010 WL 4622184, at *2 (D. Kan. Nov. 4, 2010). Indeed, "[a]llegations that, upon careful examination, prove legally insufficient to require a trial are not, for that reason alone, 'groundless' or 'without foundation' as required by *Christiansburg*." *Hughes v. Rowe*, 449 U.S. 5, 15-16 (1980).

After careful consideration of the record and arguments in this case, the Court finds that fees should not be awarded here. While the Plaintiff did not ultimately prevail on her § 1983 claim, the Court finds that Plaintiff's initial claims were not meritless in the sense that they were wholly groundless. *Cf. Thorpe v. Ancell*, 367 Fed. Appx. 914, 924 (10th Cir. 2010) ("The district court noted that throughout the proceedings the Thorpes played fast and loose with the record in supporting their arguments to the point some assertions were flatly contradicted by the undisputed facts. . . . The district court concluded the Thorpes' claims were not only frivolous but the 'fantastic' factual allegations contained in the complaint were improperly 'concocted' to be publicized in judicial proceedings.").

## CONCLUSION

Consequently, IT IS ORDERED that the Defendant's Motion for Attorney's Fees and Brief in Support [Docket No. 50] is hereby DENIED.

**DATED** this 12th day of February, 2019.

_____
Steven P. Shreder
United States Magistrate Judge
Eastern District of Oklahoma